## Case No. 761.

### BAJORQUES v UNITED STATES.

[Hoff. Op. 53; Hoff. Dec. 1.]

District Court, D. California. June 10, 1859.

PUBLIC LANDS—SURVEYS—CONFIRMATION—RIGHTS OF GRANTEES PENDENTE LITE.

[Where the original grantee of lands has parted with his entire interest, parties who have obtained derivative titles pendente lite from such original grantee are entitled to contest a survey, though the original grantee as plaintiff, the United States, and vendees of two-thirds of the interest of the original grantee consent to its approval.]

[Land claim by Bartolome Bajorques and another against the United States. Confirmed. Motion for approval of the survey of the lands. Denied.]

HOFFMAN, District Judge. A final decree of confirmation having been made in this case, the survey of the lands, the claim to which was confirmed, has been brought into court for its approval. To the location and survey by the surveyor general the United States makes no objection. The counsel who has hitherto conducted the case on the part of the claimant, who was the original grantee, appears and also assents to the survey. But objections to it are made by other counsel, who represent parties to whom the original claimant has conveyed a portion of the land claimed by him. It is admitted that Bajorques, the original grantee, has parted with his whole interest in the land. The parties represented, therefore, by the counsel who has hitherto conducted the case, are assignees, or vendees, of a part of the land; as also are the parties represented by the counsel who object to the survey. It is claimed that these last are the owners of the greater portion of the premises; but this allegation is denied: I understand it, however, to be admitted that the survey is opposed by gentlemen who represent at least one-third of the lands, and that those who assent to the survey are not the owners of more than two-thirds of the interest of the original grantee.

The question then is, can the court confirm and approve the survey on the consent of the United States and the counsel representing two-thirds of the interest of the claimant, or are the parties holding the remaining third entitled to be heard in opposition to the survey? The importance of the question arises from the fact that if these latter have a standing in the court, they must be allowed to take testimony to bring the cause to a hearing, and probably appeal, if dissatisfied, from the decision of the court, thus retarding indefinitely the issuance of the patent, to the great damage of their co-owners, who are content with the survey as made by the surveyor general.

It was not questioned on the argument that the duty of reviewing and confirming or modifying the surveys of the surveyor general of lands confirmed to the claimants by the decree of this court, imposed upon it by the recent decision of the supreme court in the case of U. S. v. Fossatt, [21 How. (62 U. S.) 445,] involved the necessity of permitting parties to make objections to such survey, and to take testimony and to be heard in support of them. The United States are heard through the district attorney. The question presented in this case is—can the court refuse to hear all or any of the parties deriving title from the original grantee in whose name the claim has been prosecuted—when it appears that the original grantee has parted with his entire interest in the suit? If this were a regular suit in chancery, the answer would seem obvious. The decree confirming or correcting the survey which the court is now to make is declared by the supreme court to be the final decree in the suit. It is certainly a decree which must naturally affect the rights of all parties interested in it.

In equity proceedings, if pendente lite the complainant disposes of all his interest, the suit must abate. "It is very clear," says Mr. Justice Story, "that no party can stand before the court for a decree who has no farther interest in this, either formal or real." Hoxie v. Carr, [Case No. 6,802;] 3 P. Wms. 348; 9 Ves. 75. "And where the interests of new parties intervene pendente lite, having derivative titles under the plaintiff, there the suit may abate or become defective." Id., and cases cited. But this abatement is a mere interruption or suspension of the suit until the proper parties, who have derived their interests by purchase or transfer pendente lite, can be brought before the court by a supplemental bill. 1 Sumn. 179, [Hoxie v. Carr, supra;] Story, Eq. Pl. § 156.

In the case at bar no application is made for leave to bring in new parties to the suit. But it is admitted, as has already been stated, that the original claimant has parted with all interest in the lands. It appears to me that the parties who have acquired an interest and who have obtained derivative titles under the plaintiff pendente lite have a right to be heard in this proceeding, at all events as against other parties who have acquired precisely similar title to, it may be, the larger portion of the land. To say that grantees of the original claimant, who have acquired the greater portion of his portion, shall, for that reason, be exclusively entitled to appear, would be to apply or establish a rule anomalous and impracticable; for those who have acquired the greater portion of the land in extent may have the lesser portion in value, or the various grantees of the claimant may have equal interests, in both of which cases the rule suggested could not be applied. Nor can the fact that the counsel who now appear for the owners of two-thirds of the lands formerly represented the original Mexican grantee affect the decision of the question; for that gentleman now represents, not the original grantee, who has no

further interest, but a portion, said to be the majority, of those who have derived title from him. Though I feel very reluctant to subject this or any other cause to delays which may possibly be unnecessary or vexatious, yet I have been unable to perceive any ground on which, under the circumstances of this case, I can refuse to hear and to pass upon the objections to the survey which may be made by either of the parties who have appeared. Those objections must be stated in writing, and filed in court. The court, on being informed of their nature, can make such further order as to the taking of testimony in support of them as the nature of the objections and the circumstances of the case may require.